NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3381
_____

KEITH LEWIS,
                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A038-736-552)
Immigration Judge:  Honorable Margaret R. Reichenberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 9, 2012

Before:  SCIRICA, GREENAWAY, JR., and VAN ANTWERPEN, Circuit Judges

(Filed: March 14, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM.

       Keith Lewis, proceeding pro se, petitions for review of a Board of Immigration

Appeals (BIA) decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture (CAT).  The Government moves to

dismiss Lewis's petition, arguing that we lack jurisdiction over it. For the following reasons, the Government's motion is granted, and we will dismiss the petition.

Lewis, a native and citizen of Trinidad and Tobago, entered the United States in 1984. Administrative Record (A.R.) 193. He was served with a Notice to Appear on January 27, 2010, charging him with removability pursuant to 8 U.S.C. §§ 1227(a)(2)(A)(iii) (aggravated felony conviction) and (B)(i) (controlled substances conviction). A.R. 300–02. These charges, in turn, were premised on two convictions: the first, from June 1994, was the result of a guilty plea to state-law charges of robbery (N.J. Stat. Ann. § 2C:15-1), for which he was sentenced to nine years of incarceration; the second, from June 2004, was the result of a guilty plea to a state charge of heroin possession (N.J. Stat. Ann. § 2C:35-10(a)(1)), for which he received a 364-day sentence and a term of probation. See A.R. 194–201, 300.

In response to the commencement of immigration proceedings, Lewis filed an I-589 application for asylum and derivative relief on March 17, 2010, premised on the treatment of homosexuality in Trinidad and Tobago. A.R. 216–227. He also began to pursue post conviction relief (PCR) in New Jersey, attacking his convictions as constitutionally deficient due to ineffective assistance of counsel and the United States Supreme Court's decision in Padilla v. Kentucky, 130 S. Ct. 1473 (2010). See A.R. 268.[1]

---

[1] Lewis's PCR application was pending throughout the entirety of the removal proceedings. He has not informed us of its ultimate resolution.

Ultimately, the presiding Immigration Judge (IJ) denied relief, finding most of Lewis's requests to be statutorily unavailable to him due to his status as an aggravated felon. She determined that asylum and withholding were not available because Lewis had been convicted of a "particularly serious crime." A.R. 108–09; see 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1158(b)(2)(B)(i), 1231(b)(3)(B)(ii). The same bar prohibited consideration of withholding of removal under the CAT, see 8 C.F.R. § 1208.16(d)(2), and the IJ separately found Lewis to not be entitled to deferral of removal under 8 C.F.R. § 1208.17 because he failed to meet his burden of demonstrating that he would more likely than not be tortured if removed to Trinidad and Tobago. A.R. 109–11.

Lewis appealed to the BIA, which upheld the IJ's determination and denied relief. The BIA agreed that Lewis was an aggravated felon, that his offense was "particularly serious" (thus barring him from most relief), and that he had not shown a likelihood of torture in Trinidad and Tobago. A.R. 62–63. In addition, the late filing of Lewis's I-589 "would also present a statutory bar to [his] asylum claim." A.R. 63.

This petition for review followed,[2] and Lewis moved to stay removal. The Government filed a response and a motion to dismiss for lack of jurisdiction. We denied the stay motion on October 6, 2011, but declined to rule on the motion to dismiss pending briefing. The case is now ripe for review.

---

[2] While the petition attached, and was timely filed from, a BIA order denying a change in custody status, see A.R. 2, Lewis has not attacked that order in any of his submissions before this Court.

3

This Court has the power of judicial review over final orders of removal. 8 U.S.C. § 1252(a). Our jurisdiction, however, is subject to several important statutory limitations. Subsection (2) lists "[m]atters not subject to judicial review," a category that includes "[o]rders against criminal aliens." Pursuant to that subsection, we lack jurisdiction over BIA decisions "ordering removal based on the commission of an aggravated felony or a controlled substance offense." Leslie v. Att'y Gen., 611 F.3d 171, 174 (3d Cir. 2010); Pierre v. Att'y Gen., 528 F.3d 180, 184 (3d Cir. 2008); see also 8 U.S.C. § 1252(a)(2)(C). Even in those cases, we do still retain jurisdiction over "constitutional claims or questions of law," § 1252(a)(2)(D), but as we have emphasized, "[t]he jurisdictional grant of § 1252(a)(2)(D) is narrowly circumscribed," applying to "purely legal questions" and "colorable violation[s] of the United States Constitution." Jarbough v. Att'y Gen., 483 F.3d 184, 188–89 (3d Cir. 2007). "To determine whether a claim is colorable, we ask whether 'it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous.'" Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir. 2010) (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 513 n.10 (2006)).

In his opening brief, Lewis accuses the BIA of "sid[ing] with [the IJ] without properly reviewing evidence and testimonies presented" in support of withholding of removal and CAT relief. Inf. Br. 1. While evocative of language implicating due process, it is clear that Lewis intends to argue that the BIA "incorrectly weighed evidence, failed to consider evidence[,] or improperly weighed equitable factors," which

4

are neither questions of law nor constitutional errors falling within the purview of § 1252(a)(2)(D). Jarbough, 483 F.3d at 189. Lewis cites cases in which Circuit Courts found agency errors made in petitions for review with homosexual claimants, e.g., Bromfield v. Mukasey, 543 F.3d 1071 (9th Cir. 2008), but none of those cases addressed an order of removal made in connection with aggravated-felony status.

Lewis also argues that the agency should have exercised its prosecutorial discretion in his case and declined to pursue an order of removal. But "no court [has] jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." 8 U.S.C. § 1252(g). We therefore do not have jurisdiction to hear Lewis's challenge to the exercise of prosecutorial discretion. See Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 485 n.9 (1999); Chehazeh v. Att'y Gen, No. 10–2995, 666 F.3d 118, 2012 U.S. App. LEXIS 546, at *42 (3d Cir. Jan. 11, 2012).

As Lewis proceeds pro se, we are obliged to read his opening brief liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011). At the same time, issues not briefed on appeal—even by parties proceeding pro se—are deemed waived or abandoned. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008). Having carefully scrutinized Lewis's brief, we detect no arguments that would allow us to exercise jurisdiction over his petition via § 1252(a)(2)(D). Accordingly, for the reasons set forth above, we will

5

grant the Government's motion to dismiss.  Lewis's motion to supplement the record is denied as moot.